IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RHODA JEFFRIES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 10-cv-5889 |
| | ) | |
| WELLS FARGO BANK, NA., et al. | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on two motions to dismiss Plaintiff Rhoda Jeffries' second amended complaint [27 and 30], filed by Defendants Wells Fargo Bank and TCN Recovery, Inc., and Plaintiff's motion to file surreply[1] [41]. For the reasons set forth below, the Court grants in part Defendants' motions to dismiss [27 and 30] and dismisses Plaintiff's federal claims. The remainder of this case is remanded to state court. The Court grants in part and denies in part Plaintiff's motion to file a surreply [41].

**I.      Background[2]**

Plaintiff Rhoda Jeffries and North Texas Auto Leasing entered into a Motor Vehicle Retail Installment Sales Contract dated September 15, 2006, for the purchase of a 2004 Lexus

---

[1]   Plaintiff entitled her motion "Plaintiff Combined Surreply in Opposition to Defendants' Motion to Dismiss and Motion to Strike All Testimony and Pleadings of Plaintiffs Attorneys and Motion for Disqualification of All Attorneys and Affirmative Defenses to Wells Fargo Claim." As noted by the Court in its September 6, 2011 minute order, Plaintiff has not been given leave to file a surreply brief, therefore the Court construes her submission as a motion for leave to file surreply.

[2]  For purposes of Defendants' motions to dismiss, the Court assumes as true all well-pleaded allegations set forth in the second amended complaint. See, *e.g., Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007).

GX470.³   Shortly thereafter, in September 2006, the contract was assigned by North Texas Auto Leasing to Wells Fargo Auto Finance, Inc.. The contract creates a security interest in the vehicle. The certificate of title for the vehicle shows that Wells Fargo Auto Finance, Inc. is the first-lien holder with a security interest in the Vehicle.⁴

Jeffries began making monthly payments of $713.98 to Wells Fargo in October 2006. Jeffries alleges that Wells Fargo hired Defendant TCN Recovery, Inc. to repossess the car on May 12, 2010. On May 13, 2010, Wells Fargo sent Jeffries a notice of redemption. Jeffries mailed a completed Affidavit of Defense to Wells Fargo on May 26, 2010. Jeffries' Affidavit of Defense states that "No contract exist [sic]. The alleged agreement does not exist. The lien is flawed. No balance is due. There is a billing error. Violations may exist pursuant but not limited to the FDCPA and TILA * * *." Jeffries alleges that Wells Fargo sold the vehicle on June 10, 2010.

On August 17, 2010, Jeffries filed an amended complaint in the Circuit Court of Cook County, Illinois. On September 16, 2010, Defendant Wells Fargo removed the case to this Court on the basis of federal question jurisdiction. After the case was removed, Jeffries filed a second amended complaint, asserting the following claims against Wells Fargo and TCN Recovery: (1) Declaratory Relief; (2) Contractual Breach of Implied Covenant of Good Faith and Fair Dealing;

---

³ The contract and certificate of title are properly considered part of the pleadings for 12(b)(6) purposes because they are referred to in the second amended complaint and central to Plaintiff's claims. See *Hostway Corp. v. JPMorgan Chase Bank, N.A.*, 2009 WL 2601359, at *5 (N.D. Ill. Aug. 24, 2009) ("[I]n the Seventh Circuit, '[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings,' and may be considered on a motion to dismiss, 'if they are referred to in the plaintiff's complaint and are central to her claim.'") (citing *Venture Assoc. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)); see also *Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998) ("[T]his is a narrow exception aimed at cases interpreting, for example, a contract.").

⁴ Wells Fargo Auto Finance, Inc. was converted to a limited liability company on January 31, 2010, and changed its name to Wells Fargo Auto Finance, LLC.

(3) Violation of TILA; (4) Violation of the Consumer Fraud and Deceptive Business Practices Act; (5) Conversion; (6) Violation of the Fair Debt Collection Practices Act; and (7) Unconscionability. Jeffries' second amended complaint includes allegations that Wells Fargo uses "various layers of companies" for "plausible deniability" so that it may "move things around 'off balance sheet'" in order to create "the potential for abuse [that] is practically infinite." Jeffries also asserts that she had no payment obligations under the auto-loan because Wells Fargo "bifurcated" the loan agreement from the vehicle's certificate of title and securitized the loan by selling it to investors." Both Defendants have moved to dismiss all claims asserted in Jeffries' second amended complaint.

II.     **Legal Standard**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint, not the merits of the case. See *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a Rule 12(b)(6) motion to dismiss, the complaint first must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief" (Fed. R. Civ. P. 8(a)(2)), such that the defendant is given "fair notice of what the * * * claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Second, the factual allegations in the complaint must be sufficient to raise the possibility of relief above the "speculative level," assuming that all of the allegations in the complaint are true. *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 550 U.S. at 563.

The Court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. See *Barnes v. Briley*, 420 F.3d 673, 677 (7th Cir. 2005). While a *pro se* litigant's pleadings are held to a lesser standard, the *pro se* litigant must comply with the court's rules and procedures. See *Antonelli v. Sheahan*, 81 F.3d 1422, 1427 (7th Cir. 1996); *Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994).

**III.** **Analysis**

    **A.** **Motion for Leave to File Surreply and for Disqualification of Counsel**

Plaintiff Jeffries filed a document entitled "Plaintiff Combined Surreply in Opposition to Defendants' Motion to Dismiss and Motion to Strike All Testimony and Pleadings of Plaintiffs Attorneys and Motion for Disqualification of All Attorneys and Affirmative Defenses to Wells Fargo Claim." Both Defendants have responded to Jeffries' motion.

The decision whether to grant a motion for leave to file a surreply is within the district court's discretion. See *Johnny Blastoff, Inc. v. Los Angeles Rams*, 188 F.3d 427, 439 (7th Cir. 1999). In some instances, allowing the filing of a surreply "vouchsafes the aggrieved party's right to be heard and provides the court with the information necessary to make an informed decision." *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 320, 329 (N.D. Ill. 2005); see also *Franek v. Walmart Stores, Inc.*, 2009 WL 674269, *19 n.14 (N.D. Ill. Mar. 13, 2009) (recognizing that a surreply might be appropriate "when a moving party 'sandbags' an adversary by raising new arguments in a reply brief"). However, denial of a motion to file a surreply is appropriate when the movant has had the opportunity to thoroughly brief the issues. See *Destiny Health, Inc. v. Connecticut General Life Ins. Co.*, 741 F. Supp. 2d 901, 911 (N.D. Ill. 2010). Moreover, there simply is no need for a surreply when "[e]ach brief in the sequence on the

motion fairly responded to the arguments in the brief that preceded it." See *Franek*, 2009 WL 674269 at *19 n.14.

Here, Defendants' reply briefs were limited to the content of Jeffries' response brief, and Jeffries' proposed surreply fails to identify or respond to any supposedly new arguments raised in Defendants' replies. However, because Plaintiff is *pro se*, the Court liberally construes her filings and has considered her surreply in ruling on Defendants' motions to dismiss.

Additionally, Jeffries' surreply cites Illinois Rules of Professional Conduct and this Court's local rules to suggest that "[a]ttorneys for plaintiff [sic] should be disqualified due to the fact that the lawyer's testimony is likely to be prejudicial to the lawyer's client; attorneys in this case are debt collectors and have a benefit in the outcome of the case." Surreply Mot. at 8. Disqualification of counsel "is a drastic measure which courts should hesitate to impose except when absolutely necessary." *Freeman v. Chicago Musical Instrument Co.,* 689 F.2d 715, 721–22 (7th Cir.1982) (noting that motions to disqualify should be "viewed with extreme caution for they can be misused as techniques of harassment"). A party bears a "heavy burden" to disqualify an adversary's chosen counsel. See *id.* In determining whether to disqualify counsel, a court "must balance the clients' interest in retaining the counsel of their choice against this court's interest in upholding the ethical standards set forth in its local rules." *Doe. v. The Catholic Archdiocese of Chicago*, 2010 WL 2293460, *2 (N.D. Ill. June 8, 2010) (citing *Hutchinson v. Spanierman*, 190 F.3d 815, 828 (7th Cir. 1999)). Moreover, the "prohibition on attorneys acting as witnesses applies only to trial and evidentiary proceedings." *Id.* at *3. Local Rule 83.53.7(c) states that it should not be construed to prevent an attorney-witness "from handling other phases of the litigation." L.R. 83.53.7(c). "That leaves the lawyer free to conduct discovery, draft

5

motions, and otherwise participate in the pretrial stage." *Doe*, 2010 WL 2293460 at *3 (citing *Mercury Vapor Processing Technologies, Inc. v. Village of Riverdale*, 545 F. Supp. 2d 783, 789 (N.D. Ill. 2008)).

Here, Jeffries' motion falls far short of carrying the "heavy burden" required to disqualify Wells Fargo's chosen counsel. She fails to identify any basis for concluding that any party's attorney reasonably may be expected to testify in this matter—much less in a way that is prejudicial to the attorney's client. And even if there was reason to believe that one of the attorneys in this case may testify, the attorney-witness rule would not warrant counsel's disqualification during the pretrial stage of the litigation. To the extent Jeffries' motion seeks the disqualification of defense counsel, it is denied.

### B. Truth In Lending Act Claim

In Count III, Jeffries alleges that Defendants violated the Truth In Lending Act, 15 U.S.C. 1601 et seq. ("TILA"), by "failing to provide Plaintiffs [sic] with accurate material disclosures required under TILA and not taking into account the intent of the State Legislature in approving this statute * * *." (SAC ¶ 94). Defendants contend that Count III should be dismissed because (i) the second amended complaint fails to assert allegations that could result in assignee-liability under TILA, and (ii) TILA rescission is not available for loans secured by automobiles.

Where a finance company voluntarily takes assignment of a retail installment contract from a creditor, the finance company is treated as an "assignee"—not a "creditor"—as defined by TILA. *See* 15 U.S.C. § 1602(f); 12 C.F.R. Pt. 226, Supp. I at 300; *Walker v. Wallace Auto Sales, Inc.*, 155 F.3d 927, 931 (7th Cir. 1998) (finance company that takes assignment of a retail

installment contract "may only be charged as an assignee, not a creditor"). Under TILA, an assignee's liability is limited to situations in which the TILA violation is "apparent on the face of the disclosure statement." 15 U.S.C. § 1641(a); *Taylor v. Quality Hyundai, Inc.*, 150 F.3d 689, 694 (7th Cir. 1998). An apparent violation may be detected in two ways: "(1) a disclosure which can be determined to be incomplete or inaccurate from the face of the disclosure statement or other documents assigned, or (2) a disclosure which does not use the terms required to be used by this subchapter." 15 U.S.C. § 1641(a). Thus, "[o]nly violations that a reasonable person can spot on the face of the disclosure statement or other assigned documents will make the assignee liable under the TILA." *Taylor*, 150 F.3d at 694. Accordingly, a plaintiff alleging TILA violations against an assignee must allege that the violations were apparent on the face of the assigned documents. *Walker*, 155 F.3d at 936. As assignee complies with TILA if it voluntarily accepts assignment of contracts with no patently defective disclosures. *Brownlee v. Joe Cotton Ford, Inc.*, 1999 WL 35053, at *2 (N.D. Ill. Feb. 5, 1999).

Jeffries's TILA claim fails because she has not identified any disclosure violation at all, let alone a defect apparent on the face of any disclosure statement. Rather, she asserts that Wells Fargo[5] "violated TILA by failing to provide Plaintiffs with accurate material disclosures required under TILA * * *." (SAC ¶ 94). The Seventh Circuit recently ruled that this type of allegation fails to state a claim. See *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461 (7th. Cir. 2010) (affirming dismissal of TILA claim that failed to identify *which* "material disclosures" were not provided). Moreover, the contract contains a section entitled "Federal Truth-In-Lending Disclosures."

---

[5] Plaintiff has failed to state a TILA claim against TCN. At most, Plaintiff alleges that TCN is in the business of repossessing vehicles and debt collection and that Wells Fargo ordered repossession through TCN. In any event, Plaintiff's TILA claim involves the loan agreement, and Plaintiff fails to allege the existence of any agreement between Plaintiff and TCN.

Jeffries also alleges that she is entitled to rescind the contract. (SAC ¶ 96). TILA, 15 U.S.C. § 1635(a), sets forth the right of rescission as follows: "Except as otherwise provided in this section, in the case of any consumer credit transaction in which a security interest * * * is or will be retained or acquired *in any property which is used as the principal dwelling of the person to whom credit is extended*, the obligor shall have the right to rescind the transaction * * *." (emphasis added). Here, the Federal Truth-In-Lending Disclosures section of the contract affirmatively states that Wells Fargo "will have a security interest in the vehicle being purchased." Jeffries is not entitled to rescind the contract under 15 U.S.C. § 1635 because the contract was secured by the vehicle rather than real property that Jeffries used as her principal dwelling. See *Keenan v. Huntington Acceptance Co.*, 633 N.E.2d 1164, 1173 (Ohio App. Ct. 8th Dist. 1993).

    C.    **Fair Debt Collection Practices Act Claim**

Jeffries alleges that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), by allegedly engaging in "deceptive, fraudulent and self-serving" acts that "were misleading and designed to create a windfall." (SAC ¶ 125). The FDCPA provides that a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f(6). "The FDCPA distinguishes between creditors, who are not subject to liability under the act, and [debt collectors], who are subject to liability." *Bilal v. Chase Manhattan Mortg. Corp.*, 2006 WL 1650008, at *3 (N.D. Ill. June 13, 2006) (citing *Schlosser v. Fairbanks Capital Corp.*, 323 F.3d 534, 536 (7th Cir. 2003)). Assignees are treated like creditors for purposes of the FDCPA, unless the loan in question was in default when it was acquired. *Schlosser*, 323 F.3d at 536 ("[T]he Act treats assignees as debt collectors if the debt

sought to be collected was in default when acquired by the assignee, and as creditors if it was not.") (citing 15 U.S.C. § 1692a(6)(F)(iii)); see also 15 U.S.C. § 1692a(4) (defining "creditor" as "any person * * * to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another").

Although Jeffries alleges that "all defendants are debt collectors" (SAC ¶ 124), this Court is not required to accept conclusory allegations as true. *Evan Law Group LLC v. Taylor*, 2010 WL 5135904, at *2 (N.D. Ill. Dec. 9, 2009) ("[W]e are not bound to accept as true a legal conclusion couched as a factual allegation.") (quoting *Twombly*, 550 U.S. at 555). Jeffries fails to allege any facts that suggest Wells Fargo or TCN Recovery are debt collectors for purposes of the FDCPA. Because Jeffries has failed to sufficiently allege that Defendants are debt collectors, she has failed to state a claim under the FDCPA. See *Bilal*, 2006 WL 1650008, at *3 (dismissing FDCPA claim against trustee, stating "the FDCPA 'applies only to debt collectors'") (quoting *Neff v. Capital Acquisitions & Mgmt. Co.*, 352 F.3d 1118, 1121 (7th Cir. 2003) (internal citations and quotations omitted)).

Furthermore, with respect to Defendant Wells Fargo, the documents attached to the pleadings in this case establish that Wells Fargo is not a "debt collector": Wells Fargo received an assignment of the contract in or around September 2006, immediately after Jeffries signed the contract, and almost four years before Wells Fargo issued the default notice attached to Plaintiff's original complaint. Therefore, Wells Fargo cannot be a debt collector under the FDCPA. See *Kerr v. South Cook Intermediate Service Center 4 Governing Bd.*, 2010 WL 5482935, at *3 (N.D. Ill. Dec. 30, 2010) (holding that it is well-settled that when a written

9

instrument contradicts allegations in a complaint to which it is attached, the exhibit trumps the allegations).

With respect to Jeffries' claim against Defendant TCN, as a repossession agency, TCN can only be liable under § 1692f(6) of the FDCPA, because § 1692a(6) defines the term "debt collector" to exclude repossession agencies, except with respect to § 1692f(6). See *Nadalin v. Automobile Recovery Bureau, Inc.,* 169 F.3d 1084, 1085 (7th Cir.1999)  Section 1692f(6) provides that "[t]aking or threatening to take any nonjudicial action to effect dispossession or disablement of property" is a violation of § 1692f if: "(A) there is no present right to possession of the property claimed as collateral through an enforceable security interest; (B) there is no present intention to take possession of the property; or (C) the property is exempt by law from such dispossession or disablement."  15 U.S.C. § 1692f(6); see also *Williams v. Republic Recovery Services, Inc.*, 2010 WL 2195519, at *3 (N.D. Ill. May 27, 2010).  Thus, in order to state a claim against TCN under § 1692f(6), Jeffries must allege that TCN was enforcing a security interest and did not have a present right to possess the collateral, which in this case means that Jeffries must allege that TCN breached the peace when it repossessed her car.  See *Purkett v. Key Bank USA, Inc.*, 2001 WL 503050, at *2 (N.D. Ill. May 10, 2001).

In Illinois, a breach of the peace is defined as "conduct that invites or is likely to invite immediate public turbulence, or that leads to or is likely to lead to an immediate loss of public order and tranquility." *Valentino v. Glendale Nissan, Inc.,* 740 N.E.2d 538, 543 (Ill. App. Ct. 2nd Dist. 2000) (objecting to repossession in a letter is not a breach of the peace); *Chrysler Credit Corporation v. Koontz,* 661 N.E.2d 1171 (Ill. App. Ct. 5th Dist. 1996) (finding no breach of peace where the debtor verbally opposed repossession and the creditor simply entered the

debtor's property and took the car from the front lawn). Here, Jeffries does not present any allegations to demonstrate the TCN breached the peace when it repossessed her car. The only allegations are that Jeffries mailed a completed Affidavit of Defense to Wells Fargo on May 26, 2010, after the car was repossessed. Therefore, Plaintiff fails to state a claim under § 1692f(6) against TCN. Accordingly, Count VI is dismissed.

### D.     Remaining State Law Claims

Because the Court has dismissed all claims (Counts III and VI) over which it has original jurisdiction, it must now address whether to retain jurisdiction over Plaintiff's state law claims. See 28 U.S.C. § 1367(c)(3). The Seventh Circuit, animated by the principle of comity, consistently has stated that "it is the well-established law of this circuit that the usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial." *Groce v. Eli Lilly*, 193 F.3d 496, 501 (7th Cir. 1999); *Alonzi v. Budget Constr. Co.*, 55 F.3d 331, 334 (7th Cir. 1995); *Brazinski v. Amoco Petroleum Additives Co.*, 6 F.3d 1176, 1182 (7th Cir. 1993); see also *Wright v. Associated Ins. Co.*, Inc., 29 F.3d 1244, 1251 (7th Cir. 1994) ("When all federal claims have been dismissed prior to trial, the principle of comity encourages federal courts to relinquish supplemental jurisdiction * * *"); see also *Horton v. Schultz*, 2010 WL 1541265, at *4 (N.D. Ill. 2010).

In *Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1251-53 (7th Cir. 1994), the Seventh Circuit noted that there occasionally are "unusual cases in which the balance of factors to be considered under the pendent jurisdiction doctrine-judicial economy, convenience, fairness, and comity-will point to a federal decision of the state-law claims on the merits." The first example that the Court discussed occurs "when the statute of limitations has run on the pendent claim,

11

precluding the filing of a separate suit in state court." *Id.* at 1251. That concern is not present here, however, because Illinois law gives Plaintiff one year from the dismissal on jurisdictional grounds of state law claims in federal court in which to re-file those claims in state court. See 735 ILCS 5/13-217; *Davis v. Cook County*, 534 F.3d 650, 654 (7th Cir. 2008). Dismissal without prejudice also is appropriate here because substantial judicial resources have not been committed to the state law count in Plaintiff's complaint, as the case is at the motion to dismiss stage and discovery has not yet begun. *Wright*, 29 F.3d at 1251. Finding no justification for departing from that "usual practice" in this case, the Court dismisses without prejudice Plaintiff's state law claims.

## IV. Conclusion

For the reasons stated above, the Court grants in part and denies in part Defendants' motions to dismiss [27 and 30]. The Court grants the motions as they pertain to Plaintiff's TILA and FCDPA claims, dismissing the federal claims for failure to state a claim. The Court denies without prejudice the motions as they pertain to Plaintiff's state law claims. The Court grants in part and denies in part Plaintiff's motion to file surreply [41]. The Clerk of the Court is directed to remand the remainder of this case to the Circuit Court of Cook County.

Dated: October 19, 2011

Robert M. Dow, Jr.
United States District Judge